UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **NORMA ANTONETTI,**<br><br>                    Plaintiff,<br><br>    -vs-<br><br>**NCO FINANCIAL SYSTEMS, INC.,**<br><br>                    Defendant. | *Civil Action No.* _____ |

### COMPLAINT & DEMAND FOR JURY TRIAL

#### INTRODUCTION

1. Plaintiff Norma Antonetti brings this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices in an attempt to collect a debt.

#### JURISDICTION & VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Additionally, venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendant transacts business here and the conduct complained of occurred here.

#### PARTIES

4. Plaintiff Norma Antonetti is a natural person residing in the County of Monroe, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant NCO Financial Systems, Inc., (hereinafter "NCO") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees or agents, while under the scope of the Defendant's actual or apparent authority.

7. Any and all references to "Defendant" herein shall include the Defendant and/or an employee or agent of the Defendant.

**F**ACTUAL **A**LLEGATIONS

8. That Plaintiff Norma Antonetti is alleged to have incurred and later defaulted on a personal debt to Ziebart. Said alleged debt is, and shall remain, disputed by Plaintiff Antonetti, and will hereinafter be referred to as "the subject debt."

9. The subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5), as it allegedly arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

10. That upon information and belief, CACH purchased the alleged subject debt account and thereafter employed Defendant NCO to attempt to collect payment.

11. That shortly thereafter, Defendant NCO began calling Plaintiff Antonetti repeatedly and continuously to attempt to solicit payment.

12. That in or about early February of 2010, a male representative for Defendant NCO called Plaintiff Antonetti and spoke with her by telephone. During the course of the brief telephone conversation that ensued, Defendant stated that he was attempting to collect a debt owed to Ziebart and demanded payment of said debt. Plaintiff explained that she had no knowledge of the alleged debt, disputed owing the same and explained that she had never even heard of the alleged creditor before. However, Defendant thereafter became extremely rude, nasty and ill-tempered with Plaintiff. Among other things,
    a. Upon hearing Plaintiff dispute liability for the debt, Defendant sharply replied, "That's what all you fucking people say," *(or words to that effect)*,
    b. Defendant called Plaintiff a "mother-fucker,"
    c. Defendant raised his voice and attempted to refuse to let Plaintiff off the phone, and
    d. Defendant threatened to "sue [Plaintiff]" and "go after everything [Plaintiff had]."

13. That after several more moments of being berated and threatened by Defendant, Plaintiff Antonetti finally hung up the telephone.

14. That despite Defendant NCO's aforementioned representations and threats, they lacked the intent and/or authority to "sue [Plaintiff]" and "go after everything [Plaintiff had]."

15. That in addition, Defendant NCO failed to provide Plaintiff Antonetti with meaningful disclosure of the Defendant's identity and otherwise failed to provide disclosures required by 15 U.S.C. 1692e(11).

16. That despite Plaintiff's best efforts, Defendant NCO thereafter continued to call Plaintiff Antonetti to collect the subject debt, though she admittedly avoided answering the

Defendant's telephone calls for fear of having to be subjected to Defendant's abuse and harassment again.

17. That at no time during the events described above did Defendant provide Plaintiff Antonetti with written notice of the alleged debt, or her rights as a "consumer," as required by 15 U.S.C. 1692g(a).

18. That as a result of Defendant's abusive statements and otherwise harassing conduct, Plaintiff Antonetti became extremely offended, upset, worried, anxious, afraid and otherwise suffered from emotional distress.

## CAUSE OF ACTION

19. The aforementioned acts and omissions of the Defendant have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

20. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. 1692d(2) by using profane language and/or language the natural consequence of which was to abuse Plaintiff Antonetti, by:
    a. Sharply replying, "That's what all you fucking people say," *(or words to that effect)*,
    b. Calling Plaintiff a "mother-fucker,"
    c. Repeatedly raising his voice and refusing to let Plaintiff off the phone, and
    d. Threatening to "sue [Plaintiff]" and "go after everything [Plaintiff had]."

21. Defendant NCO violated 15 U.S.C. §1692d and 15 U.S.C. 1692d(5) by repeatedly and continuously causing Plaintiff Antonetti's telephone to ring with the intent to annoy, abuse and harass her.

22. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. 1692d(6) by failing to provide Plaintiff with meaningful disclosure of the caller's identity.

23. Defendant violated 15 U.S.C. 1692e, 15 U.S.C. 1692e(2)(A), 15 U.S.C. 1692e(3), 15 U.S.C. 1692e(4), 15 U.S.C. 1692e(5), 15 U.S.C. 1692e(10) and 15 U.S.C. 1692f by threatening to "sue [Plaintiff]" and "go after everything [Plaintiff had]."

24. Defendant violated 15 U.S.C. 1692f and 15 U.S.C. 1692f(1) by attempting to collect a debt to which Defendant is not entitled by law or agreement.

25. Defendant violated 15 U.S.C. 1692g(a) by failing to provide Plaintiff with a written notice of the subject debt and her rights as a "consumer."

26. Because of the Defendant's various aforementioned violations of the FDCPA, Plaintiff became extremely upset, afraid and otherwise suffered from emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this honorable Court enter judgment against the Defendant for:

(a) Actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

(b) Statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c) Costs and disbursements of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); *and*

(d) For any and all additional relief as this honorable Court may deem just and proper.

## JURY DEMAND

Please take notice that Plaintiff Antonetti demands a trial by jury in this action.

Date: August 9, 2010

/s/Frank J. Borgese
Frank J. Borgese, Esq.
Graham Law, P.C.
*Attorneys for the Plaintiff*
1207 Delaware Ave., Suite 202
Buffalo, New York 14209
fborgese@grahamlawpc.com
716.200.1520